IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
CARON GIBSON,                    )
                                 )
    Plaintiff,                   )
                                 )    CIVIL ACTION NO.
    v.                           )     3:14cv725-MHT
                                 )         (WO)
EAST ALABAMA MEDICAL             )
CENTER,                          )
                                 )
    Defendant.                   )
```

**OPINION**

This case is currently before the court on plaintiff Caron Gibson's and defendant East Alabama Medical Center's joint motion for approval of settlement of Gibson's claim under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219.[1]  Based on the evidence presented at a hearing on July 1, 2015, and for the reasons that follow, the motion will be granted and the settlement approved.

---

1. Gibson also brought a claim under the Family and Medical Leave Act, 29 U.S.C. §§ 2601-2654, based on her termination.  The parties resolved this claim in a separate settlement.

Because the FLSA was enacted to protect workers from the poor wages and long hours that can result from great inequalities in bargaining power between employers and employees, the FLSA's provisions are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 706 (1945). The first exception is that the Secretary of Labor may supervise the payment of back wages to employees; employees who accept such payments waive their rights to bring suits for liquidated damages, provided the employer pays the back amount in full. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352–53 (11th Cir. 1982).

The second route to a FLSA settlement, and the one that is applicable here, occurs when an employee brings a private action for back wages under 29 U.S.C § 216(b), the employee and employer present a proposed settlement to the district court, and the district court reviews the settlement and enters "a stipulated judgment" based on it. Lynn's Food Stores, 679 F.2d at 1354-1355

("Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.").

In reviewing a settlement of a FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," id. at 1353, and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Id. at 1355.  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] ... the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." Id.

3

at 1354[2]; see also Stalnaker v. Novar Corp., 293 F. Supp. 2d 1260, 1262-63 (M.D. Ala. 2003) (Thompson, J.).

In this case, Gibson claimed that she was denied overtime pay for working before her shift started and working through lunch breaks.  After the parties determined that she was paid for working before her shift, the only remaining FLSA issue was her lunch breaks.  Specifically, Gibson worked over 500 lunches, which allegedly were not counted towards her hours worked.  The parties settled this claim for $ 4,400.  Of this $ 4,400, Gibson will receive $ 3,000 and her counsel will receive $ 1,000 in attorney's fees and $ 400 in costs.[3]

---

2. In Lynn's Food Stores, the proposed compromise came not from an employee lawsuit, but rather from an attempt by an employer to "settle" backpay claims because of a pending investigation by the Secretary of Labor; the court disallowed the "compromise" because it was unfair and reflected the extreme inequalities of bargaining position against which the FLSA was designed to protect.  679 F.2d at 1355.

3. Gibson will also receive $ 100 for her FMLA retaliation claim, which is not before this court.  See supra note 1.

After speaking with Gibson and reviewing the settlement agreement at the July 1 hearing, the court concludes that the settlement is a fair and reasonable resolution of this case. There are bona fide disputes over FLSA provisions, including whether Gibson was exempt under the statute, whether she is entitled to recover liquidated damages, and whether her claims are barred by the statute of limitations. Further, as all parties agree, the $ 3,000 is reasonable compensation for the hours that she worked during her lunch break for which she originally was not compensated.

***

Based on the settlement, the parties have stipulated to a judgment dismissing this case. That judgment will be entered.

DONE, this the 2nd day of July, 2015.

                                           /s/ Myron H. Thompson
                                       UNITED STATES DISTRICT JUDGE